18-3473
*Camoia v. City of New York*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> > *Circuit Judges.*

---

RENEE CAMOIA,

> *Plaintiff-Appellant,*

> v.                                                    No. 18-3473

CITY OF NEW YORK, DR. ELOISE ARCHIBALD, DIRECTOR OF THE PSYCHOLOGICAL SERVICES SECTION, DR. MICHAEL MARSHALL, OF THE PSYCHOLOGICAL SERVICES SECTION, SERGEANT LANARIS, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS EMPLOYEES OF THE CITY OF NEW YORK POLICE DEPARTMENT, SERGEANT HAMILTON, SERGEANT WHYE,

> *Defendants-Appellees,*

POLICE COMMISSIONER RAYMOND W. KELLY,

DEPUTY COMMISSIONER NELDRA M. ZEIGLER,
OFFICE OF EQUAL EMPLOYMENT OPPORTUNITY,
JANE DOE 1, JANE DOE 2,

        *Defendants.*

_____

FOR PLAINTIFF-APPELLANT:        THOMAS RICOTTA, White, Ricotta & Marks, P.C., Long Island City, NY.

FOR DEFENDANTS-APPELLEES:        ANNA WOLONCIEJ (Richard Dearing, *on the brief*), of Counsel *for* James Johnson, Corporation Counsel of the City of New York, New York, NY.

Appeal from the judgment of the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on October 19, 2018, is **AFFIRMED**.

Plaintiff-Appellant Renee Camoia appeals from the judgment of the District Court (Garaufis, *J.*) dismissing her complaint at summary judgment. Camoia appeals the judgment only as to her perceived disability discrimination claims under the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). Camoia's operative complaint bases her discrimination claims solely on the perceived disability of bipolar disorder. The record reflects that the New York City Police Department ("NYPD") terminated Camoia in July 2008 during her training at the Police Academy based primarily on its discovery of an undisclosed medical history of anxiety and panic attacks that led the NYPD to believe that she was unfit to serve as a police officer. The NYPD began the investigation that resulted in the discovery of the undisclosed medical history—a medical history not consistent with Camoia's prior representations to the NYPD—after an anonymous caller to the NYPD alleged that Camoia suffered from bipolar disorder. Defendants-Appellees are the City of New York and several NYPD employees (collectively, the "City"). We assume the parties'

familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm the District Court's judgment.

Camoia contests the court's dismissal of her discrimination claims, contending that although her discrimination claims based on the perceived disability of bipolar disorder may fall short as they are stated in her operative complaint, the District Court erred by failing to consider similar discrimination claims that her complaint did not allege and that would have been based on the perceived disability of anxiety and vulnerability to panic attacks.

We review *de novo* a district court's grant of summary judgment. *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004). Summary judgment may be entered upon a showing "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact "exists for summary judgment purposes where the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor." *Guilbert v. Gardner*, 480 F.3d 140, 145 (2d Cir. 2007).

To succeed on a disability discrimination claim under the ADA, a plaintiff must first make out a prima facie case. *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006) ("A plaintiff must establish a prima facie case; the employer must offer through the introduction of admissible evidence a legitimate non-discriminatory reason for the discharge; and the plaintiff must then produce evidence and carry the burden of persuasion that the proffered reason is a pretext."). A plaintiff establishes a prima facie case by showing that:

> (1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of his disability or perceived disability.

*Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir. 2005).

The District Court awarded summary judgment to the City on Camoia's ADA claim because the record did not contain evidence sufficient for a jury to conclude that Camoia satisfied the second prong, *i.e.*, that she showed that the NYPD regarded her as suffering

from the disability of bipolar disorder as she alleged in her operative complaint. Instead, on summary judgment, the record leaves no doubt that the NYPD terminated Camoia based on, *inter alia*, her "significant history of anxiety and panic attacks." App'x 605. The significance of this history is amplified by Camoia's failure to disclose it in her application for employment as a NYPD officer despite being required to do so. Camoia concedes as much in her brief. She writes in her brief: "[I]t is respectfully submitted that . . . there was not a record upon which a reasonable fact-finder could . . . find" that "Defendants-Appellees perceived or diagnosed Plaintiff-Appellant to be bipolar." Appellant's Br. at 20. Therefore, Camoia's challenge to the District Court's judgment in favor of the City on Camoia's perceived disability discrimination claims under the ADA fails. Because the same standards apply to claims brought under the NYSHRL, Camoia's claim under that statute fails as well. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 n.1 (2d Cir. 2000).

Camoia's claim also fails under the lower bar of the NYCHRL, which must be analyzed separately from federal and state claims. *See Velazco v. Columbus Citizens Found.*, 778 F.3d 409, 411 (2d Cir. 2015) (per curiam) ("[C]ourts must analyze NYCHRL claims separately and independently from any federal and state law claims."). The NYCHRL requires only a showing that a perception of bipolar disorder caused some negative effect, not that it was the but-for cause of Camoia's termination. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 n.8 (2d Cir. 2013) (explaining that under the NYCHRL the "plaintiff need only show that her employer treated her less well, at least in part for a discriminatory reason"). We agree with the District Court that the record contains no evidence that would allow a jury to conclude that the NYPD perceived that Camoia suffered from bipolar disorder or that the NYPD treated her less well—even only in part—because of such a perception.

Camoia argues that the District Court erred in declining to entertain her unpled perceived disability discrimination claims based on the NYPD's perception of her as suffering from anxiety and panic attacks, rather than bipolar disorder. But Camoia's Third Amended Complaint premised her perceived disability discrimination claim explicitly and solely on the allegation that "Defendants . . . perceived Plaintiff to suffer from bi-polar

4

disorder." Third Am. Compl. ¶ 23, *Camoia v. City of New York*, No. 09-cv-2545 (E.D.N.Y. Mar. 7, 2013), ECF No. 53; *see also id.* ¶¶ 26-47. In her response to the City's motion for summary judgment, Camoia for the first time attempted to base her perceived discrimination claims on the new factual predicate of perceived disability arising from anxiety and panic attacks. App'x 718 ("[B]y Defendants' own admission, Plaintiff can show that, at a minimum, Defendants perceived her or regarded her as someone that suffers from anxiety and panic attacks."). The Magistrate Judge who first considered the motion for summary judgment did not consider this unpled factual predicate in fashioning her report and recommendation. Camoia did not object. The District Court also did not consider these unpled claims in its decision.

This Court has "held that plaintiffs who failed to include a claim in their complaint can move to amend the complaint; if summary judgment has been granted to their opponents, they can raise the issue in a motion for reconsideration." *Greenidge v. Allstate Ins. Co.*, 446 F.3d 356, 361 (2d Cir. 2006). Merely raising the argument for the first time in opposition to a motion for summary judgment is inadequate. *Id.* Camoia neither moved to amend her Third Amended Complaint nor raised the issue before the District Court in a motion for reconsideration. Accordingly, the District Court did not err in declining to consider these new and unpled discrimination claims. We also decline to entertain them now on appeal. *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 103 (2d Cir. 2004) ("In general we refrain from passing on issues not raised below.").

\* \* \*

We have considered all of Camoia's remaining arguments and conclude that they are without merit. The District Court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5